IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00461-PAB-MEH

ARCH SPECIALTY INSURANCE COMPANY,

      Plaintiff,

v.

13 PURE, INC., d/b/a 13 PURE,
SYN INC.,
SCOTT COLLMAN,
MICHAEL LAUGHLIN,
DENISE LEONARD,
TRACY HART,
JAMES W. DUTTON,
FRANCIS DONALD RIGGS, JR.,
DAVID KANE,
JACOB JOHNSON, and
ROBERT K. TARPLEY,

      Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Defendant Robert K. Tarpley's Motion to Abate Discovery and/or Briefing Schedule Pending a Ruling on Tarpley's Motion to Dismiss for Failure to Join a Party Under Rule 19 [filed August 2, 2011; docket #47]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #48]. The matter has been fully briefed, and the Court finds that oral argument would not assist the Court in its consideration of the motion. For the reasons that follow, the Court **denies** Defendant's motion.

## BACKGROUND

      Plaintiff initiated this action in diversity seeking a declaratory judgment regarding the policy limits of an insurance contract between Plaintiff, the insurer, and Defendant 13 Pure, Inc. (Docket

#1.) The contract dispute arises from a lawsuit filed in state court by Defendant Tarpley against 13 Pure, Inc. for personal injuries Tarpley sustained during an altercation at a nightclub owned and operated by Defendant 13 Pure, Inc. (*Id.* at 3.) At issue in this suit is whether the insurance contract between Plaintiff and Defendant 13 Pure, Inc. provides general or limited coverage for Tarpley's injuries. (*Id.*)

In addition to 13 Pure, Inc. and Robert K. Tarpley, Plaintiff's initial Complaint also names as Defendants Syn Inc, three owners of 13 Pure Inc. and Syn Inc. (Scott Collman, Michael Laughlin, and Denise Leonard), Tracey Hart, Robert Carlo, James W. Dutton, Francis Donald Riggs, Jr., David Kane, and Jacob Johnson. Defendant Tarpley responded to the initial Complaint by filing a Motion to Dismiss for Lack of Diversity Jurisdiction asserting that, because Robert Carlo and Plaintiff are citizens of the same state, Carlo's presence destroys diversity jurisdiction pursuant to 28 U.S.C. §1332. (*See* docket #5.) Shortly thereafter, Plaintiff filed an Amended Complaint omitting Carlo as a named Defendant in this case. In response to the Amended Complaint, Tarpley has filed a Motion to Dismiss for Failure to Join a Party Under Rule 19. (Docket #11.)

In conjunction with Tarpley's second motion to dismiss, which is currently pending before Judge Brimmer, Tarpley filed the present motion to stay proceedings requesting that the parties be permitted to engage in discovery on the issue of Plaintiff's coverage obligations and that all proceedings be stayed pending resolution of the motion to dismiss. (Docket #47.) This Court discussed Tarpley's motion at the August 3, 2011 scheduling conference, during which the Court granted Tarpley's request for discovery and set deadlines accordingly. (Docket #49.) The Court reserved judgment on Tarpley's request for a stay pending a response from Plaintiff. (*Id.*)

## DISCUSSION

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*,

No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). While a stay may be appropriate if the "resolution of a preliminary motion may dispose of the *entire action*" (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted) (emphasis added)), the Court is reluctant to impose an indefinite stay of proceedings pending resolution of motions to dismiss that leave open the possibility of future litigation. *See Chavez*, 2007 WL 683973 at *3.

In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Weighing the factors set forth in *String Cheese Incident* for determining the propriety of an indefinite stay, this Court finds that a stay is not appropriate in this case.

With respect to the first factor, in addition to Plaintiff's general right to pursue its case and "vindicate its claim expeditiously," Plaintiff has a specific interest in adhering to the current time line in this case. *See String Cheese Incident, LLC*, 2006 WL 89455 at *2. The underlying state court lawsuit against Defendant13 Pure, Inc. is set for trial on December 6, 2011. Plaintiff asserts, and the Court agrees, that it has a strong interest in resolving the coverage issue within a reasonable time after receiving a verdict on Defendant 13 Pure, Inc.'s liability. In the event of a stay, it is possible that Plaintiff would not receive a judgment on the coverage issue until 2013. The Court finds that the likely expense of such a delay would prejudice Plaintiff and, thus, the first factor

weighs against a stay.

The second factor examines the burden on Defendant Tarpley if the parties are required to proceed with discovery while the motion to dismiss is pending. Because the primary issue in this lawsuit is a legal question of contract interpretation, extensive burdensome discovery is unlikely. Indeed, the Court limited discovery in the scheduling order to reflect the predominately legal nature of the dispute. (Docket #50.)

In addition to the relatively limited discovery anticipated, any discovery the parties conduct will not go to waste. Unlike dispositions in favor of qualified or absolute immunity, which may preclude litigation in any court, resolution of diversity jurisdiction questions do not necessarily eliminate the need for discovery. Even if Tarpley's motion to dismiss is granted, Plaintiff's claims will still be litigated in state court and will require the same or similar discovery.[1]

Contrary to Tarpley's suggestions, this case is distinguishable from this Court's order granting a motion to stay in *Commonwealth Property Advocates, LLC, v. Deutsche Bank Trust Co.*, No. 10-cv-00651-WDM-MEH, 2011 WL 572386 (D. Colo. Feb. 14, 2011) (unpublished) on two grounds. First, the motion to stay in *Commonwealth* was filed jointly by the parties; thus, the plaintiff did not allege and would not suffer prejudice as a result of the stay. *Id.* at *1. Second, the motion to dismiss in *Commonwealth* asserted not only a lack of subject matter jurisdiction, but also claim preclusion. *Id.* at *2. If granted, the *Commonwealth* motion to dismiss would have disposed of the matter in its entirety. *Id.* By contrast, Tarpley's motion to dismiss for lack of diversity jurisdiction will not have this sweeping effect.

In light of the actual and practical limits on discovery and the potential for future litigation

---

[1] In fact, Tarpley concedes this point in a footnote to his Motion to Dismiss, in which Tarpley concludes that "it makes sense [for the court] to dismiss this case and allow Arch to proceed with a single lawsuit in Colorado state court." Motion to Dismiss at 8 n.2, docket #11.

in state court, the Court finds that Tarpley will not be significantly burdened if discovery is allowed to proceed. The second factor weighs against a stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Litigation is often an expensive endeavor for both litigants and the public. Tarpley asserts that private and public resources will be wasted if discovery proceeds and the case is ultimately dismissed. Plaintiff counters that the costs of delay should also be considered: "[i]n the litigation context, delay is not only a practical concern...but also a social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 WL 683973 at *2 (quoting Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. P.A. L. Rev. 503, 528 (2006)). On balance, the burdens and benefits to the Court and to the public are relatively equal. Factors three, four, and five weigh neutrally.

Because factors one and two weigh against a stay, and factors three, four, and five do not affect the balance, the Court finds that an indefinite stay of the proceedings is not appropriate in this case.

## III. Conclusion

Accordingly, for the reasons stated above, the Court **denies** Defendant Tarpley's Motion to Abate Discovery and/or Briefing Schedule Pending a Ruling on Tarpley's Motion to Dismiss for Failure to Join a Party Under Rule 19 [filed August 2, 2011; docket #47].

Dated at Denver, Colorado, this 27th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge